**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
E-Mail: kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff CONNELL RYANS, on behalf of himself and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CONNELL RYANS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

FLOWERS BAKERIES SALES OF SOCAL, LLC, d/b/a FLOWERS FOODS, a California Limited Liability Company; and DOES 1 to 10, inclusive,

Defendant.

CASE NO. 5:25-cv-02076

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1198;
2. Failure to pay all Wages and Minimum Wages in Violation of Labor Code §§ 221, 223, 1182, 1194, 1197, and 1198;
3. Failure to Provide Compliant Meal Periods in Violation of Labor Code §§ 226.7, 512, 516 and 1198;
4. Failure to Provide Compliant Rest Periods in Violation of Labor Code §§ 226.7, 516, and 1198;
5. Failure to Reimburse Business Expenses in Violation of Labor Code § 2802;
6. Failure to Timely Pay Wages During Employment in Violation of Labor Code § 204;
7. Failure to Pay All Wages Owed at Termination in Violation of Labor Code §§ 201-203;
8. Failure to Furnish Accurate, Itemized Wage Statements in Violation of Labor Code § 226(a) and Failure to Maintain Accurate Records in Violation of Labor Code § 1174.5;
9. Violations of Business & Professions Code § 17200 et seq.

DEMAND FOR JURY TRIAL

Plaintiff, CONNELL RYANS (hereinafter "Plaintiff") hereby submits his First Amended Complaint against Defendant FLOWERS BAKERIES SALES OF SOCAL, LLC, d/b/a FLOWERS FOODS, a California Limited Liability Company; and DOES 1 to 10, inclusive, (hereinafter referred to as "Defendant") on behalf of himself and the class of all other similarly situated current and former employees of Defendant as follows:

## NATURE OF THE CASE

1. This is a class action brought pursuant to California *Code of Civil Procedure* § 382, challenging Defendant's systemic illegal employment practices resulting in violations of California *Labor Code* §§ 201-203, 204, 221, 223, 226(a), 226.7, 510, 512, 516, 1174.5, 1182, 1194, 1197, 1198, 2802, California *Business & Professions Code* § 17200, et seq. ("Unfair Competition Law"); and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

2. Plaintiff seeks relief on behalf of himself and members of the Plaintiff Class as a result of employment policies, practices, and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and members of the Plaintiff Class all wages due to them. Said employment policies, practices, and procedures are generally described as follows:

a. Failure to Pay Employees for All Overtime;

b. Failure to Pay Employees for All Hours Worked;

c. Failure to Provide Employees with Compliant Meal Periods;

d. Failure to Provide Employees with Compliant Rest Periods;

e. Failure to Reimburse Employees' Business Expenses;

f. Failure to Timely Pay Wages During Employment;

g. Failure to Pay All Wages Owed at Termination of Employment; and,

h. Failure to Provide Employees and Aggrieved Employees with Accurate, Itemized Wage Statements and Failed to Maintain Accurate Records;

3. At all times relevant herein, on information and belief, Defendant, Flowers Bakeries Sales of SoCal, LLC; and DOES 1 to 10, is a bakery company operating under the name 'Flowers Foods' that

sells baked goods under different brands including Wonder Bread, Dave's Killer Bread, and Simple Mills.

4. Defendant has maintained practices which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendant does not properly record, nor compensate Plaintiff's and other non-exempt employees' the overtime they are owed based on their total overtime hours worked.

5. Furthermore, Defendant failed to provide employees with timely, complete, and uninterrupted meal and rest breaks. Plaintiff's and the other non-exempt employees' meal and rest periods are regularly skipped or cut short. Defendant did and does not pay Plaintiff and the non-exempt employees for the time they spent working within their meal and rest periods.

6. Defendant uniformly requires hourly delivery/route employees to (a) use a personal cell phone and the same timekeeping/route application to clock in/out and communicate with dispatch; (b) meet delivery quotas/schedules that push or interrupt breaks; and (c) fails to pay meal/rest premiums when breaks are missed/short/late

7. In light of the foregoing, Defendant has also failed to provide accurate wage statements.

8. Plaintiff brings the claims herein as a class action on behalf of himself and other similarly situated individuals who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to California *Labor Code* §§ 201-203, 204, 221, 223, 226(a), 226.7, 510, 512, 516, 1174.5, 1182, 1194, 1197, 1198, 2802, the applicable wage order and under *Business & Professions Code* §§ 17200-17208, for unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant has engaged in, among other things a system of willful violations of the California *Labor Code* and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

**PARTIES**

10. Plaintiff, Connell Ryans, is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California.

During the Relevant Time Period, Plaintiff worked for Defendant as a 'Sales Representative' earning $25.00 per hour. Plaintiff was hired on February 17, 2025, and was terminated on June 12, 2025. When Plaintiff was still employed by Defendant, he was assigned to work in Defendant's warehouse, finishing tasks such as loading up delivery trucks with Defendant's products and delivering them.

11. Plaintiff is informed and believes, and based thereon alleges, that Defendant Flowers Bakeries Sales of SoCal, LLC is a California Limited Liability Company. Plaintiff is further informed and believes that at all times relevant hereto, Defendant has transacted, and continues to transact, business throughout the State of California.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendant is a bakery company operating under the name 'Flowers Foods' that sells baked goods under different brand names, including but not limited to, Wonder Bread, Dave's Killer Bread, and Simple Mills.

13. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 to 10, is and was a corporation, business entity, individual, and partnership, licensed to do business and actually doing business in the State of California.

14. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendant is sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendant was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15. At all times herein mentioned, Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendant, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendant, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein are the agent, employee, alter ego and/or joint venturer of,

or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendant, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

17. At all times herein mentioned, the acts and omissions of various Defendant, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendant in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendant, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendant, and each of them, aided and abetted the acts and omissions of each and all of the other Defendant in proximately causing the damages as herein alleged.

18. The Members of the Classes (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this First Amended Complaint are enforced throughout the State of California.

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

***Defendant's Failure to Pay Overtime Wages***

20. Because Plaintiff and members of the Class worked shifts of eight (8) hours a day or more and/or forty (40) hours a week or more, and/or shifts of twelve (12) hours a day or more, some of the above off-the-clock work qualified for overtime premium pay.

21. Defendant did not compensate their hourly non-exempt employees for all overtime and/or double time premium pay that accrued, despite systematically recording employees' time.

***Defendant's Failure to Pay all Wages and Minimum Wages***

22. During the Relevant Time Period, Defendant had, and continues to have, a company-wide policy requiring work during Plaintiff's and Class Members' meal and rest periods.

23. For example, Plaintiff spent time communicating with Defendant while he was off the clock. Defendant would reach out to him to discuss work-related matters while he was not clocked in. This was time that Plaintiff should be compensated for as he was working with Defendant even without

being clocked in. However, as a result of being off the clock, Plaintiff was not compensated for any of this time. Additionally, Plaintiff spent his meal breaks and rest breaks still working to complete his deliveries due to Defendant's pressure to do so.

24. Thus, Defendant did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or the time that the employees were suffered or permitted to work.

***Defendant's Failure to Provide Compliant Meal Periods***

25. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties, by requiring them to remain on duty. Specifically, Plaintiff regularly had to skip his meal breaks or cut them short in order to meet the pressuring demands to get back to work made by Defendant.

26. During his Sun Valley assignment, Plaintiff was required to continue driving during his off-the-clock meal period to complete deliveries, and received work calls from his manager during lunch, resulting in skipped, late, or interrupted meal periods and rest breaks. Defendant did not pay any meal or rest period premiums for these violations.

27. Throughout the Class Period, Defendant regularly:

a. Failed to provide Plaintiff and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and,

d. Failed to accurately record all meal periods.

///

***Defendant's Failure to Provide Compliant Rest Periods***

28. Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendant failed to provide paid rest periods.

29. Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

30. Specifically, throughout the Class Period, Defendant regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

b. Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

31. Plaintiff alleges that he regularly had to skip any chances at taking his rest breaks during his shifts or cut them short of the 10-minute timeframe. As was the case for his skipped and interrupted meal breaks, he had to skip or cut short his rest breaks and get back to work sooner due to the pressure placed on him by Defendant.

***Defendant's Failure to Reimburse Business Expenses***

32. At all times relevant hereto, Defendant had company-wide policies and/or practices whereby non-exempt employees were required to undertake expenses on Defendant's behalf. These expenses include Plaintiff's and the Class Members' use of their personal cell phones to communicate with Defendant staff and management. Plaintiff would always receive calls from Defendant related to work on his personal cell phone. Additionally, Plaintiff is required to use his personal phone to clock in and out for his shifts.

33. During the Class Period, Defendant required Plaintiff and the Class Members to use their personal cell phone to clock in/out via the company's timekeeping/route application and to communicate with dispatch/management, and failed to reimburse them for the resulting, necessary expenses. Plaintiff also drove to Lancaster on multiple occasions for Defendant's benefit and was not reimbursed for his

gas/mileage.

34. Defendant regularly failed to reimburse Plaintiff and Class Members for all expenses they incurred in facilitating their job duties in violation of California *Labor Code* § 2802.

***Defendant's Failure to Timely Pay Wages During Employment***

35. California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

36. During the relevant time period, Defendant willfully failed to pay Plaintiff and other non-exempt employees all wages due including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California *Labor Code* § 204.

***Defendant's Failure to Pay All Wages Due at Termination of Employment***

37. At all times relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) workdays.

38. Plaintiff's employment was terminated effective June 12, 2025; his last day worked was June 5, 2025. At separation, Defendant failed to pay all wages due, including wages for off-the-clock work and meal/rest premium wages, thereby triggering waiting-time penalties

39. Defendant willfully and knowingly failed to pay Plaintiff and the Plaintiff Class upon termination of employment all accrued compensation, as described above, including, but not limited to, compensation required for time spent "off the clock," and time illegally rounded to Defendant's benefit.

///

***Defendant's Failure to Provide Compliant Wage Statements***

40. During the Relevant Time Period, Defendant has knowingly and intentionally provided Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements. For example, Defendant provided uniform wage statements to Plaintiff and members of the Classes that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked.

41. The wage statements attached as **Exhibit A** to this First Amended Complaint show Plaintiff's hourly rate and recorded hours but do not capture work performed during off-the-clock meal-period driving and manager-directed calls, and do not reflect meal/rest premium pay for days when breaks were missed, short, late, or on-duty. As a result, Plaintiff could not promptly and easily determine from the face of the wage statements whether he was paid all wages due.

42. Because Defendant failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and members of the Classes have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiff and members of the Classes have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

***Facts Regarding Willfulness***

43. Plaintiff is informed and believes, and based thereon alleges, that Defendant are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendant knew or should have known, that the Plaintiff Class Members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal and rest period was not provided and were and are entitled to receive pay for all hours worked, accurate itemized wage statements, and pay in a timely manner.

***Unfair Business Practices***

44. Defendant has further engaged in, and continues to engage in, unfair business practices in

California by practicing, employing and utilizing the unlawful employment practices and policies outlined above.

45. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

46. Defendant's utilization of such unfair business practices deprives Plaintiff and the Plaintiff Class of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

47. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to perform their obligations under state law, all to Plaintiff's and the Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

***Plaintiff's Exhaustion of Administrative Remedies***

48. Plaintiff is currently complying with the procedures for bringing suit specified in *Labor Code* § 2699.3.

49. By letter dated June 23, 2025, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

50. This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

51. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52. Pursuant to *Code of Civil Procedure* § 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

53. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

a. **Plaintiff Class:** All persons who have been, or currently are, employed by Defendant and

who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action.

b. **<u>Terminated Sub-Class:</u>** All members of the Plaintiff Class whose employment ended during the Class Period.

c. (Collectively, "Plaintiff Class" or "Class Members")

54. *<u>Numerosity</u>*: Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of Class Members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

55. *<u>Common Questions of Law and/or Fact</u>*: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

a. Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendant failed to pay Plaintiff and Class Members for all hours worked;

c. Whether Defendant failed to pay Plaintiff and Class Members all overtime;

d. Whether Defendant had a standard policy of not providing compliant meal and rest breaks and/or premiums to Plaintiff and members of the Plaintiff Class;

e. Whether Defendant failed to reimburse Plaintiff and Class Members for all business expenses they incurred during their employment;

f. Whether Defendant failed to timely pay wages to Plaintiff and members of the Plaintiff Class during their employment;

g. Whether Defendant failed to pay final wages to Plaintiff and members of the Terminated Sub-Class upon separation of employment;

h. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of

the Plaintiff Class with true and proper wage statements upon payment of wages;

i. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

j. Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California (*Bus. & Prof. Code*, § 17200 et seq.).

56. *Typicality*: The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with meal and rest periods and all wages in compliance with the applicable wage order, or premium compensation at the regular rate in lieu thereof, failing to provide them with proper wages and overtime, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other Class Members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

57. *Adequacy of Representation*: Plaintiff is an adequate representative of the proposed Class because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

58. *Superiority of Class Action*: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the

prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

59. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of California *Code of Civil Procedure* § 382 because:

a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and,

b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

**FIRST CAUSE OF ACTION**

**Failure to Pay All Overtime Wages**

***Labor Code* §§ 510, 1198, and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

60. Plaintiff incorporates herein by reference the allegations set forth above.

61. At all times relevant herein, which comprise of the time period not less than four (4) years preceding the filing of this action, Defendant were required to compensate their hourly employees for all overtime hours worked.

62. California *Labor Code* §§ 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") wage order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of one-and-one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC wage order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate

of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

63. Defendant willfully failed to pay all overtime wages owed to Plaintiff and members of the Class. During the Relevant Time Period, Plaintiff and members of the Class were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not recorded as alleged above.

64. Defendant knew or should have known that as a result of company-wide practices and/or policies, that prevents Plaintiff and members of the Class from earning overtime, Plaintiff and members of the Class were performing assigned duties off-the-clock and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and members of the Class worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and members of the Class were not paid overtime wages for all of the overtime hours they actually worked.

65. Defendant's failure to pay Plaintiff and members of the Class the balance of overtime compensation, as required by California law, violates the provisions of *Labor Code* §§ 510 and 1198. Plaintiff and members of the Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon.

## SECOND CAUSE OF ACTION

**Failure to Pay All Wages and Minimum Wages**

***Labor Code* §§ 221, 223, 1182, 1194, 1197, and 1198, and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

66. Plaintiff incorporates herein by reference the allegations set forth above.

67. At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant were required to compensate their hourly employees for all hours worked.

68. For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented

employees from being compensated for all time worked by subjecting Plaintiff and members of the Class to work off-the-clock as mentioned above as a result of late or missed meal and rest breaks.

69. As stated above, Plaintiff spent time communicating with Defendant while he was off the clock. Defendant would reach out to him to discuss work-related matters while he was not clocked in. This was time that Plaintiff should be compensated for as he was working with Defendant even without being clocked in. However, as a result of being off the clock, Plaintiff was not compensated for any of this time. Additionally, Plaintiff spent his meal breaks and rest breaks still working to complete his deliveries due to Defendant's pressure to do so.

70. Under the applicable wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with *Labor Code* § 218.5, and penalties pursuant to *Labor Code* §§ 203 and 206.

71. The applicable IWC wage order section 2(G) defines "hours worked" to mean "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72. Defendant suffered or permitted Plaintiff and members of the Class to work portions of the day for which Defendant failed to compensate them. This includes time spent under Defendant's control prior to clocking in and during meal periods as described above.

73. *Labor Code* § 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

74. *Labor Code* § 1194.2(a) provides in relevant part: "In any action under § 1193.6 or § 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

75. *Labor Code* § 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed

is unlawful."

76. Plaintiff is informed and believes, and therefore alleges, that Defendant's compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

77. The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates *Labor Code* §§ 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order section 4; and *Business & Professions Code.*

78. The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates *Labor Code* § 221 and 223; the applicable IWC wage order section 3; and *Business & Professions Code*.

79. As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

**THIRD CAUSE OF ACTION**

**Failure to Provide Compliant Meal Breaks**

***Labor Code* §§ 226.7, 512, 516, 1198 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

80. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

81. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

82. Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to provide Plaintiff and the members of the Class with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Class had not waived their right to the same. Thus, Defendant failed to provide Plaintiff and the members of the Class with compliant meal periods required by *Labor Code* §§ 226.7, 512, 516 and the applicable IWC wage order section 10, and categorically failed to pay any and all meal period wages due.

83. Plaintiff and Class Members seek damages pursuant to *Labor Code* § 226.7(b) and the

applicable IWC wage order section 10(F), in the amount of one additional hour of pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and any member of the Class, the cumulative sum of which is to be determined at trial.

84. Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus et al. v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id.* at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1038-39.

85. When employees must either "remain at the ready and capable of being summoned to action," "respond when the employer seeks contact with [them]," "perform other work if the employer so requests," and/or remain "on call" during their meal and rest periods, the employees have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2 Cal.5th at 270. Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid.*

86. The Supreme Court's decision in *Augustus* demonstrates a series of meal and rest break cases affirming California's broad, protective standard for employees.[1]

87. Moreover, as the mere existence of a facially lawful meal and rest break policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit breaks. See *Brinker*, *supra*, 53 Cal.4th at 1040.

88. Yet, Defendant did and does not provide Plaintiff and members of the Class with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work. Specifically, Plaintiff regularly had to skip his meal breaks or cut them short when he was working for Defendant.

89. During his Sun Valley assignment, Plaintiff was required to continue driving during his

---

[1] *See, e.g.*, *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926 , *rehg. denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D.Cal., Aug. 31, 2017, No. 17-CV-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*.]")

off-the-clock meal period to complete deliveries, and received work calls from his manager during lunch, resulting in skipped, late, or interrupted meal periods and rest breaks. Defendant did not pay any meal or rest period premiums for these violations.

90. Plaintiff alleges that meal breaks were frequently late as described above. As a result, Plaintiff and members of the Class were forced to work in excess of five (5) hours before taking a meal period.

91. Thus, Defendant has failed to perform its obligations to provide Plaintiff and the members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work. Defendant has also failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period that they have been denied.

92. Employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858.

93. Defendant knew or should have known that as a result of its policies and/or practices, that Plaintiff and members of the Class were not actually relieved of all duties to take timely, uninterrupted meal periods. Defendant further knew or should have known that it did not pay Plaintiff and members of the Class all meal period premiums when meal periods were missed, late, short, and/or interrupted. Furthermore, Defendant has engaged in a company-wide practice and/or policy of not paying meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and members of the Class have not received all premium pay for missed, interrupted, or late meal periods. Accordingly, Defendant failed to provide all meal periods in violation of *Labor Code* §§ 226.7, 512(a), 516, and 1198.

94. Plaintiff and members of the Class are entitled to civil penalties, attorney's fees, costs, and interest thereon.

///

///

///

## **FOURTH CAUSE OF ACTION**

**Failure to Provide Compliant Rest Breaks**

***Labor Code* §§ 226.7, 516, 1198 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

95. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

96. *Labor Code* §§ 226.7, 516, and 1198, and the applicable IWC wage order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. *Labor Code* § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC. The applicable IWC wage order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

97. Plaintiff is informed and believes, and thereon allege, that Plaintiff and Class Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each and every four (4) hours or major fraction thereof worked during the workday.

98. Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to provide Plaintiff and the members of the Plaintiff Class with such paid rest periods without duty, notwithstanding the fact that Plaintiff and the members of the Plaintiff Class had not waived their right to the same. Plaintiff alleges that he regularly had to skip any chances at taking his rest breaks during his shifts or cut them short of the 10-minute timeframe. As was the case for his skipped and interrupted meal breaks, he had to skip or cut short his rest breaks and get back to work sooner due to the pressure placed on him by Defendant.

99. Thus, Defendant failed to provide Plaintiff and Class Members with rest periods required by *Labor Code* §§ 226.7, 512, and 516, IWC wage order section 11 and categorically failed to pay any and all rest period wages due.

100. Plaintiff and Class Members seek damages pursuant to *Labor Code* § 226.7(b) and the applicable IWC wage order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the rest period is/was not provided or provided late to Plaintiff and any member of the Class, the cumulative sum of which is to be determined at trial.

101. Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to *Labor Code* § 226.7(b) and the applicable wage order.

**FIFTH CAUSE OF ACTION**

**Failure to Reimburse Business Expenses**

***Labor Code* § 2802 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

102. Plaintiff re-alleges and incorporates all preceding paragraphs a though fully set forth herein.

103. *Labor Code* § 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of *Labor Code* § 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137, 1144.

104. The applicable IWC wage order provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

105. During the Class Period, Defendant required Plaintiff and the Class Members to use their personal cell phone to clock in/out via the company's timekeeping/route application and to communicate with dispatch/management, and failed to reimburse them for the resulting, necessary expenses. Plaintiff also drove to Lancaster on multiple occasions for Defendant's benefit and was not reimbursed for his gas/mileage.

106. Defendant failed to reimburse them for these costs. Defendant could have compensated

Plaintiff and members of the Class. Instead, Defendant passed these operating costs off onto Plaintiff and members of the Class. Thus, Defendant had, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of *Labor Code* § 2802.

**SIXTH CAUSE OF ACTION**

**Failure to Timely Pay Wages During Employment**

***Labor Code* § 204 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

107. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

108. California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

109. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, California *Labor Code* § 204 provides that its requirements are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

110. During the Class Period, Defendant willfully failed to pay Plaintiff and members of the Classes all wages due including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California *Labor Code* § 204.

111. Plaintiff and members of the Classes are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to *Labor Code* § 210.

///

///

///

**SEVENTH CAUSE OF ACTION**

**Failure to Pay Wages at Time of Termination**

***Labor Code* §§ 201-203 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Terminated Sub-Class Against Defendant)**

112. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

113. At all times, relevant herein, Defendant were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to *Labor Code* § 201-203.

114. As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub-Class their final wages pursuant to *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to *Labor Code* § 203.

115. *Labor Code* §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

116. Plaintiff's employment was terminated effective June 12, 2025; his last day worked was June 5, 2025. At separation, Defendant failed to pay all wages due, including wages for off-the-clock work and meal/rest premium wages, thereby triggering waiting-time penalties.

117. On information and belief, Defendant has a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in *Labor Code* § 201 and 202.

118. Plaintiff and members of the Terminated Sub-Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to *Labor Code* § 256.

///

///

///

**EIGHTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements and Maintain Accurate Records**

***Labor Code* §§ 226, 1174.5 and Applicable IWC Wage Orders**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

119. Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

120. California *Labor Code* § 226(a) and the applicable IWC wage order section 6(B) requires employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

121. California *Labor Code* § 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000. Further, *Labor Code* § 226.3 provides that any employer who violates § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to § 226(a).

122. Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with *Labor Code* § 226(a) and the applicable IWC Wage order section 6(B).

123. The wage statements attached as **Exhibit A** to this First Amended Complaint show Plaintiff's hourly rate and recorded hours but do not capture work performed during off-the-clock meal-period driving and manager-directed calls, and do not reflect meal/rest premium pay for days when breaks were missed, short, late, or on-duty. As a result, Plaintiff could not promptly and easily determine from the face of the wage statements whether he was paid all wages due.

124. Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates

in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

125. Plaintiff is informed and believes, and thereon alleges, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members of the Classes as required under *Labor Code* § 1174.5. This is a result of, inter alia, missing hours worked, unpaid overtime, and missed meal and rest-break premiums, as illustrated above.

126. As a result of not having kept accurate records, Plaintiff and members of the Plaintiff Class suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

127. California *Labor Code* § 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC wage order. Furthermore, *Labor Code* § 1198 provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Pursuant to the applicable IWC Wage order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.

128. During the Relevant Time Period, Defendant failed, on a company-wide basis, to keep accurate records of work and meal period start and stop times for Plaintiff and members of the Plaintiff Class, in violation of *Labor Code* § 1198.

129. Plaintiff and the members of the Plaintiff Class herein seek damages and penalties pursuant to *Labor Code* § 226(e) for Defendant's violations of *Labor Code* § 226(a).

130. Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to *Labor Code* § 226(h).

## NINTH CAUSE OF ACTION

### ***Business & Professions Code* § 17200, *et seq.***

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

131. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

132. *Business & Professions Code* § 17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

133. Plaintiff and all proposed Class Members are "persons within the meaning of *Business & Professions Code* § 17204, who have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

134. Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a. violations of *Labor Code* §§ 510, 1198;

b. violations of *Labor Code* §§ 221, 223, 1182, 1194, 1197, 1198;

c. violations of *Labor Code* §§ 226.7, 512, 516 and 1198;

d. violations of *Labor Code* §§ 226.7, 516 and 1198;

e. violations of *Labor Code* § 2802;

f. violations of *Labor Code* § 204;

g. violations of *Labor Code* §§ 201-203; and,

h. violations of *Labor Code* §§ 226(a) and 1174.

135. As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

136. *Business & Professions Code* § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

137. Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

138. Pursuant to California *Civil Code* § 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

139. Plaintiff further seeks an order requiring an audit and accounting of the payroll records to

determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

140. Plaintiff seeks restitution for himself, and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to *Code of Civil Procedure* § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff and Terminated Sub-Class;
2. For an order that counsel for Plaintiff be appointed class counsel;
3. Designation of Plaintiff as the class representative of the Plaintiff and Terminated Sub-Class;
4. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;
5. Prejudgment and post judgment interest on all sums awarded;
6. For compensatory damages;
7. For penalties pursuant to *Labor Code* §§ 210, 226, 226.7;
8. For interest accrued to date;
9. For costs of suit and expenses incurred herein pursuant to *Labor Code* §§ 226 and 1194;
10. For reasonable attorneys' fees pursuant to *Labor Code* § 226 and *Code of Civil Procedure* § 1021.5, and/or other applicable law; and,
11. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:
    a. California *Labor Code* §§ 510, 1198 for failing to pay overtime;
    b. California *Labor Code* §§ 221, 223, 1182, 1194, 1197, and 1198 for failing to pay all wages;
    c. California *Labor Code* §§ 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;

d. California *Labor Code* § 2802 for failing to reimburse business expenses;

e. California *Labor Code* § 204 for failing to timely pay wages during employment;

f. California *Labor Code* §§ 201-203 for failing to pay all wages owed at termination;

g. California *Labor Code* §§ 226(a) and 1174 for failing to provide accurate, itemized wage statements and failing to maintain accurate records; and,

h. *Business & Professions Code* §§ 17200-08 for violating the provisions set forth herein above.

12. For all such other and further relief that the Court may deem just and proper.

DATED: September 10, 2025 **BRADLEY/GROMBACHER, LLP**

By: *Marcus Bradley*
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff and all others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of Plaintiff's and the Class Members' claims by jury to the extent authorized by law.

DATED: September 10, 2025 **BRADLEY/GROMBACHER, LLP**

By: *Marcus Bradley*
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff and all others similarly situated