O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CONNELL RYANS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FLOWERS BAKERIES SALES OF SOCAL, LLC,<br><br>　　　　　　Defendant. | Case № 5:25-cv-02076-ODW (SPx)<br><br>**ORDER GRANTING MOTION TO REMAND [14]; AND DENYING AS MOOT MOTION TO DISMISS [17]** |

## I.　　INTRODUCTION

Plaintiff Connell Ryans filed this putative wage-and-hour class action in state court against Defendant Flowers Bakeries Sales of SoCal, LLC. (Decl. Jared L. Palmer ISO Removal Ex. A ("Compl."), Dkt. No. 2-2.) Defendant removed the action to this Court on the basis of alleged diversity jurisdiction. (Notice Removal ("NOR") ¶ 7, Dkt. No. 2.) Plaintiff now moves to remand for lack of subject matter jurisdiction. (Mot. Remand ("Motion" or "Mot."), Dkt. No. 14.) For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to San Bernardino Superior Court.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff worked for Defendant as an hourly, non-exempt employee from February 2025 to June 2025. (Compl. ¶ 9.) Throughout the applicable statutory period, Defendant did not pay minimum and overtime wages, did not provide compliant meal and rest periods, did not reimburse business expenses, did not issue accurate wage statements, did not pay all final wages at termination of employment, and failed to maintain accurate records and furnish accurate, itemized wage statements upon separation. (*Id.* ¶¶ 22–41.)

On July 11, 2025, Plaintiff filed this putative class action. (*Id.* ¶ 1.) The proposed class consists of Plaintiff and all current and former employees of Defendant who worked in California as hourly, non-exempt employees during the applicable class period. (*Id.* ¶ 52(a).) The proposed sub-class consists of all members of the Plaintiff Class "whose employment ended" during the class period. (*Id.* ¶ 52(b).)

Plaintiff asserts nine causes of action: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide compliant meal breaks; (4) failure to provide compliant rest breaks; (5) failure to reimburse business expenses; (6) failure to timely pay wages during employment; (7) failure to pay wages at termination; (8) failure to provide accurate wage statements and maintain accurate records; and (9) unfair business practices. (*Id.* ¶¶ 59–136.)

On August 8, 2025, Defendant removed the action to this Court based on alleged diversity jurisdiction under 28 U.S.C. § 1332. (NOR ¶ 7.) Defendant contends that this Court has original jurisdiction because the case involves citizens of different states and the amount in controversy exceeds $75,000.00. (*Id.*) Plaintiff now moves to remand the case for lack of subject matter jurisdiction, specifically with respect to the amount in controversy. (Mot. 1.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. U.S. Const. art. III,

§ 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

Under § 1332(a), there is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).  Removal for lack of jurisdiction under § 1332(a) is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV.     DISCUSSION

The parties do not dispute that complete diversity exists.  (*See* Mot. 1–2; Opp'n 2, Dkt. No. 16.)  They dispute, however, whether the amount in controversy exceeds the jurisdictional threshold of $75,000.00. (Mot. 1; Opp'n 2.)  In its Notice of Removal, Defendant estimates that the amount in controversy is $149,525.00, including actual damages of $12,650.00 and anticipated attorneys' fees of $136,875.00.  (NOR ¶ 65.)  As attorneys' fees are dispositive to the issue of whether the amount in controversy is met, the Court assumes, without deciding, that the actual damages amount of $12,650.00 is in controversy and analyzes only the attorneys' fees.

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  But

1  a removing defendant must still "prove that the amount in controversy (including
2  attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the
3  evidence," and must "make this showing with summary-judgment-type evidence."
4  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

To calculate Plaintiff's attorneys' fees, Defendant estimates that Plaintiff's counsel will expend at least 150 hours litigating Plaintiff's claims at an hourly rate of $912.50. (Opp'n 14–15; Decl. Frank L. Tobin ISO Opp'n ("Tobin Decl.") ¶¶ 6–7, Dkt. No. 16-1.).) Defendant derives this rate from the blended hourly rate Plaintiff's counsel charged in two other labor and employment case in this District. (*See* Tobin Decl. ¶¶ 4–5.) Using this blended hourly rate, Defendant asserts that Plaintiff's counsel likely has already expended 20 hours, totaling $18,250.00 in fees, for work related to the filing of Plaintiff's Complaint, First Amended Complaint, this Motion, and Opposition to Defendant's Motion to Dismiss. (*Id.* ¶ 6.) Defendant also asserts that Plaintiff's counsel will likely expend 114 additional hours, totaling $104,025.00 in fees, in litigating Plaintiff's individual claims "*even before*" Plaintiff starts preparing for trial. (*Id.* ¶ 7). Defendant argues that Plaintiff's attorneys' fees may thus total up to $122,275.00, exceeding the $75,000.00 threshold. (*See id.*)[2]

Defendant fails to meet its burden with respect to attorneys' fees. First, Defendant's estimate of attorneys' hours and rates is highly speculative. Defendant offers no support for its assertion regarding the hours that Plaintiff's counsel has already expended or will expend in this case. Although Defendant cites two cases filed in this District and involving Plaintiff's counsel, Defendant does not attempt to analogize those cases to the facts here, *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012) ("[C]ases must be factually identical or, at a

---

[2] In its Opposition and declaration testimony in support of its Opposition, Defendant asserts two different total hours forecasts (150 hours and 134 hours). (Opp'n 13; Tobin Decl. ¶¶ 6–7.) These competing assumptions result in different estimates. As Defendant provides sworn testimony in support of the 134-hour assumption, the Court accepts this figure as the input on which Defendant relies to estimate the attorneys' fees. (Tobin Decl. ¶ 7.) In any event, Defendant's discrepancy in its total hours estimate is immaterial to the Court's disposition.

minimum, analogous to the case at issue."), even though Defendant bears the burden to prove that removal is proper, *see Corral*, 878 F.3d at 773. Instead, Defendant simply attaches Plaintiff's counsel's declarations in those two cases, which Plaintiff's counsel submitted in support of the plaintiffs' motions for attorneys' fees and costs there. (Tobin Decl. Exs. A–B, Dkt. Nos. 16-2 & 16-3.) Defendant argues that, because counsel's hourly rates in those case ranged between $975.00 and $850.00, "a blended rate of $912.50" is reasonable for Plaintiff's counsel's firm here. (Tobin Decl. ¶ 6.) Even if the Court accepts Defendant's hourly rate assumption based on the attorneys' fees sought by Plaintiff's counsel in other cases, it cannot simply conclude that it is "more likely than not" that Plaintiff "may incur a similar fee award" in this case. *Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award.").

Second, any attorneys' fees must be divided among the class members, bringing Defendant's amount in controversy estimate well below the jurisdictional minimum. In a putative class action, attorneys' fees "cannot be allocated solely to [the named] plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001); *see Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1178 (9th Cir. 2025) ("[The removing defendant] must plausibly allege that at least one class member could recover more than $75,000."). Here, Plaintiff brings this case as a putative class action. As such, the Court cannot attribute Defendant's total estimated attorneys' fees solely to Plaintiff for purposes of calculating the amount in controversy. *Gibson*, 261 F.3d at 942.

Defendant's attempt to distinguish *Gibson* by arguing that, unlike in *Gibson*, Defendant here "is basing the amount recoverable on Plaintiff's individual claims under the Labor Code, assuming a class is never certified," (Opp'n 7–8), fails. Defendant appears to argue that even if this case did not proceed as a class action,

1 Plaintiff's attorneys' fees still exceed the amount in controversy threshold. However, Defendant ignores that this *is* a putative class action. As discussed above, as a putative class action, attorneys' fees cannot be allocated solely to Plaintiff for purposes of calculating the amount in controversy. *Gibson*, 261 F.3d at 942.

Defendant's final attempt to escape the ruling in *Gibson*, by arguing that *Gibson* involved a different fee-shifting provision, fails. Defendant contends that *Gibson* "addressed a very different statute: [California Code of Civil Procedure] § 1021.5, which authorizes fees only when an action confers a 'significant benefit' on the public or a large class of persons." (Opp'n 6.) Defendant argues that the statutory language at issue in *Gibson* "is absent from the Labor Code provisions Plaintiff invokes here [Cal. Lab. Code §§ 1194, 226, 218.5, 2802], which Plaintiff heavily relies on to assert his attorneys' fees." (*Id.* at 7.) In Defendant's view, because *Gibson* grappled with a different statutory provision, and "Plaintiff [here] mostly relies on [California] Labor Code sections 226, 1194, 218.5 and 2802 for attorneys' fees, and only seeks attorneys' fees under [California Code of Civil Procedure] section 1021.5 regarding his Ninth Cause of Action for Unfair Business Practices," *Gibson* does not control. (*Id.*)

*Gibson* does not mandate such a narrow reading. In *Gibson*, the court based its finding on the language of the authorizing statute, which provides that a court may award attorneys' fees "to a successful party," rather than to a named or representative party. *Gibson*, 261 F.3d at 942–43 (quoting Cal. Civ. Proc. Code § 1021.5). Admittedly, Plaintiff bases his attorneys' fees claim on California Labor Code sections 218.5, 226, 1194, and 2802. (Compl., Prayer for Relief.) However, Defendant ignores that the relevant California Labor Code sections at issue here include language analogous to that in the statute at issue in *Gibson*. *See* Cal. Lab. Code § 218.5 (providing that a court shall award attorneys' fees "to the prevailing party"); *id.* § 226 (stating that "an employee suffering injury" is entitled to attorneys' fees); *id.* § 1194 (declaring that "any employee" that suffered a violation is entitled to attorneys' fees); *id.* § 2802(d) (providing that any recoverable costs "shall be paid to

the affected employee"). Therefore, the holding in *Gibson* applies with equal force here, and Defendant's arguments to the contrary are unavailing.

Accordingly, the Court finds that Defendant fails to carry its burden to show, by a preponderance of the evidence, that the estimated attorneys' fees should be included in the amount in controversy calculation. *Fritsch*, 899 F.3d at 795 ("A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."). Without considering the attorneys' fees, the amount in controversy here yields a maximum of $12,650.00, falling short of the $75,000.00 jurisdictional threshold.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, (Dkt. No. 14), and **REMANDS** this action to Superior Court of California, County of San Bernardino, 247 West 3rd Street, San Bernardino, California 92415, Case No. CIVSB2520206.

In light of the above disposition, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss. (Dkt. No. 17.)

All dates are hereby **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

January 13, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**